UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION
_____

| | |
|---|---|
| **CURTIS L. PRUITT** | **CIVIL ACTION NO. 03-2221-A** |
| -vs- | **JUDGE DRELL** |
| **HARRIS HATCHET, et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING ON REMAND AND ORDER

    Before the undersigned is a puzzling order of remand from the Fifth Circuit Court of Appeals regarding a "pending" motion to proceed *in forma pauperis* and in particular directing the district court to enter into the record reasons "for the decertification" of Pruitt's appeal (Ruling "By the Court" dated July 11, 2007). We have used the word "puzzling" because the order of remand appears to require that the district judge (in lieu of the magistrate judge) only certify that the appeal was not taken in good faith, but the order's language is couched in terms of the appealability of the underlying pauper's denial. Therefore, not being certain of the court's directive to us, we address both issues.

    The history of this appeal is convoluted but understandable. It resulted from the district judge's dismissal of Pruitt's claims by way of summary judgment (Doc. # 50), after a detailed report and recommendation from the magistrate judge (Doc. #46). A first, undocumented, motion to proceed on appeal *in forma pauperis*

(Doc #61) was denied, petitioner being required to file the proper, documented, request (Doc. #62). Pruitt did so (Doc. #65). On October 21, 2005, the order regarding Pruitt's motion to proceed *in forma pauperis* was denied by the magistrate judge, without formal reasons, but with the following language:

> The application for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915 is DENIED for the following reasons(s):
>
> . . . .
>
> Pursuant to 28 U.S.C. §1915 (a)(3) and Fed. R. App. P. 24(a)(3), the court certifies that the appeal is not taken in good faith.
>
> If PERMISSION TO APPEAL IN FORMA PAUPERIS IS DENIED BECAUSE THE COURT CERTIFIES THE APPEAL IS NOT TAKEN IN GOOD FAITH, COMPLETE THE SECTION BELOW.
>
> Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to Baugh v. Taylor, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U. S. Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

The magistrate judge apparently acted in accordance with Western District Local Rule 73.1W(A) which provides:

> All U. S. Magistrate Judges are designated fully to exercise all powers and jurisdiction, and perform to the fullest extent the duties prescribed in 28 U.S.C. 636(a), (b) and (c).

In his denial of IFP status, The magistrate judge added a reference to 28 U.S.C. 1915 (a)(3), Federal Rule of Appellate Procedure 24(a)(3) and Baugh vs.

<u>Taylor</u>, 117 F. 3d 197 (5th Cir. 1997), regarding the right of the applicant to seek IFP status in the appellate court.

Nevertheless, we have reviewed carefully the record in this case adjudicating the various claims and positions of the parties on summary judgment. We have also reviewed in like manner both the denial of IFP status (Doc. #66) and the previous certification from the magistrate judge that Pruitt's appeal was not taken in good faith. (Doc. #71). To the extent that the Fifth Circuit's order requires us to make an independent or de novo determination of the denial and the reasons, we do find that the denial of IFP status was warranted under the circumstances and that the reasons given by the magistrate judge in Document 71 are a cogent statement and analysis of the decertification. Accordingly, we adopt those findings as our own. We also observe the obvious strength of the Report and Recommendation and Judge Little's earlier decision that , IN ANY EVENT, the prison officials here are entitled to claim successfully the defense of qualified immunity. For this reason and the others provided by the magistrate judge, we adopt BOTH the IFP denial and explanation as our own.

For the foregoing reasons and certification,

IT IS ORDERED that the application by Pruitt to proceed on appeal *in forma pauperis* is DENIED.

SIGNED on this 24th day of July, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge

3